IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                  No. 05-CR-1276 JCH

OSCAR FRANCO-MAZARIEGO and
WILFREDO PARADA,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Oscar Franco-Mazariego's ("Defendant") Entry of Appearance, Request for Discovery, Notice of Specific Brady Requests, and Demand for Speedy Trial, filed July 19, 2005 **[Doc. 33]** ("Discovery Motion" or "Motion"). The Court having considered the Motion, the Government's Response to the Request for Discovery **[Doc. 43]**, and relevant law, and being otherwise fully informed, finds that, for the reasons stated below, the Motion is well taken in part and should be granted in part.

**BACKGROUND**

On June 24, 2005, Magistrate Judge Scott entered an Order regarding discovery in this case ("Discovery Order") **[Doc. 24]**. The Discovery Order provides that within eight (8) days of the entry of the Discovery Order, the Government shall provide to Defendant's counsel without motion all of the information to which Defendant is entitled to pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure. *See* Discovery Order ¶ 2. The Discovery Order eliminates Defendant's obligation under Federal Rule 16 first to request such disclosures. *See id.*; Fed. R.

Crim. P. 16((a)(1)(B), (D), (E), (F), and (G) (government not required to disclose information unless defendant first requests disclosure).  The Discovery Order also eliminates the Government's obligation to request disclosures pursuant to Rule 16(b), and instead requires Defendant to disclose the materials listed under Rule 16(b) within five (5) days of the Government's compliance with its discovery obligations under Rule 16(a).  *See* Discovery Order ¶ 3; Fed. R. Crim. P. 16(b)(1)(A), (B), and (C) (defendant not required to disclose information unless government first requests disclosure).

The Discovery Order also provides that the Government "shall make available to the Defendant by the time required by the applicable law all material for which disclosure is mandated by *Brady v. Maryland*, 373 U.S. 83 (1963), by *Giglio v. United States*, 405 U.S. 150 (1972), and by the Jencks Act, 18 U.S.C. Section 3500, and [by] Rules 12(i) and 26.2."  Discovery Order ¶ 6. The Discovery Order further provides that the Government disclose all Rule 404(b) evidence to Defendant at least five (5) working days prior to trial.  *See* Discovery Order ¶ 7.

The Discovery Order provides that discovery motions shall not be filed by either party except as authorized by the Order itself.  The Discovery Order expressly authorizes Defendant to file "with the Court a particularized 'Notice of *Brady* Requests' made to the Government in order to satisfy any specificity requirements under *United States v. Agurs*, 427 U.S. 97 (1976)."

With respect to any contention that an opposing party has not provided material required to be produced by the Discovery Order, the Order provides that the

> party may petition this Court for its disclosure only after a specific request for production has been denied by the opposing party. However, the Court will deny any such petition unless the party seeking production complies with the following requirements:

> (A) Identifies with specificity the evidence required to be disclosed and the paragraph of this Order authorizing its production; and
>
> (B) Identifies the Assistant U.S. Attorney or the individual defense counsel to whom a specific request for disclosure was made, the date such disclosure was denied and the proffered reason for denial.

Discovery Order ¶ 8.

## DISCUSSION

On July 19, 2005, Defendant filed the Discovery Motion seeking certain Rule 16(a) disclosures addressed by the Court's June 24, 2005, Discovery Order.  For example, in the Motion, Defendant asks the Court to order the Government to disclose his prior written statements (addressed by Paragraph 2(A) of the Discovery Order), *see* Discovery Mot. ¶ 1, his prior criminal record (addressed by Paragraph 2(B) of the Discovery Order), *see id.* ¶ 2, certain documents and objects (addressed by Paragraph 2(C) of the Discovery Order), *see id.* ¶ 3, reports of examinations and tests (addressed by Paragraph 2(D) of the Discovery Order), *see id.* ¶ 4, and information regarding the Government's expert witnesses (addressed by Paragraph 2(E) of the Discovery Order), *see id.* ¶ 5.  Defendant also asks the Court to order the Government to disclose information pursuant to the doctrines of *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, 18 U.S.C. § 3500, and Rules 12(i) and 26.2 of the Federal Rules of Criminal Procedure (addressed in Paragraph 6 of the Discovery Order), *see id.* ¶ 6, as well as evidence falling within Rule 404(b) that the Government intends to introduce against him at trial (addressed at Paragraph 7 of the Discovery Order), *see id.* ¶ 8.

Although Defendant's Discovery Motion seeks information addressed by the Court's Discovery Order, the Motion does not comply with the terms of the Discovery Order.  Paragraph

8 of the Discovery Order requires Defendant to identify the Assistant U.S. Attorney to whom a specific request for the materials sought was made, the date such disclosure was denied, and the proffered reason for the denial.  *See* Discovery Order ¶ 8(B).  Defendant's Motion does not provide any such specific information, and indeed, does not indicate that Defendant made any request for materials or that any such request was denied.  *See generally* Discovery Mot.  The Motion also fails to refer to the paragraph of the Discovery Order authorizing the production of the requested information, despite the fact that the Discovery Order requires such a reference.  *See id.* ¶ 8(A); *see generally* Discovery Mot.

The Discovery Order expressly provides that "the Court will deny any . . . petition [to the Court for disclosure] unless the party seeking production complies with the . . . requirements" of "[i]dentif[ying] the Assistant U.S. Attorney . . . to whom a specific request for disclosure was made, the date such disclosure was denied[,] the proffered reason for the denial," and "the paragraph of th[e] Order authorizing . . . production [of the materials sought]."  Discovery Order ¶ 8.  Defendant's Motion does not comply with these requirements.  The Court therefore denies the discovery requests contained in Paragraphs 1 through 6 and Paragraph 8 of the Motion.[1]

The Court also denies Defendant's request for Rule 404(b) evidence contained in Paragraph 8 of the Motion because that request is premature.  The Discovery Order specifically provides that the Government shall disclose Rule 404(b) evidence at least five (5) working days

---

[1] The Government also maintains that the Court should deny Defendant's Discovery Motion because the motion violates the Court's Local Rules.  The Court need not consider this argument because it already has denied the Motion for failure to comply with the June 24, 2005, Discovery Order.

4

prior to trial.  *See* Discovery Order ¶ 7.  Trial is set to commence on November 7, 2005.  The Government therefore has no present obligation under the Discovery Order to disclose Rule 404(b) evidence.

Defendant has not provided the Court with any evidence that he will suffer prejudice as a result of the Court's denial of his Motion.  Defendant is entitled to discovery as set forth in the June 24, 2005, Discovery Order.  If Defendant believes that the Government has failed to comply with its production obligations under the Discovery Order, and Defendant complies with Paragraph 8 of the Discovery Order by making a specific request for production that is denied by the Government, Defendant may refile his motion for discovery at that time.  The Court further notes that the Government maintains that the Discovery Motion "constituted the first notice to the Government that the items were sought," that "the Government has provided discovery in this case beyond that required by Rule 16 and *Brady*," and that the "Government has supplemented its discovery, as it has obtained materials that are subject to discovery."  Resp. to Discovery Mot. at 2, 3.  The Government also indicates that it is "ready, willing and able to comply with the mandates of Rule 16(a) . . . and *Brady*," and that it "recognizes a continuing duty to disclose under Rule 16(c)."[2]  *Id.* at 3.

---

[2] The Government's response indicates that the Government may not have complied with Paragraph 2 of the Court's Discovery Order, which requires the Government to disclose within eight (8) days of the Discovery Order certain information.  Specifically, the Government indicates in its response that it "requests that upon compliance with Rule 16(a)(1)(E), the defendant permits the government to inspect and copy [certain documents]," and that "upon its compliance with the mandates of Rule 16(a)(1), the defendant permit the government to inspect and copy or photograph any [reports of examinations and tests]."  *Id.* at 3, 4.  If the Government has not complied with the Court's Discovery Order by producing such information within eight (8) days, and the Defendant follows the requirements of Paragraph 8 of the Discovery Order, Defendant

Paragraph 7 of Defendant's Discovery Motion also seeks certain *Brady* discovery pursuant to the specificity analysis set forth in *United States v. Agurs*, 427 U.S. 97 (1976). *See* Discovery Mot. ¶ 7. Paragraph 7 of the Motion does not violate the Court's June 24, 2005, Discovery Order to the extent it seeks such information. The Discovery Order provides that "defendant may file with the Court a particularized 'Notice of *Brady* Requests' made to the Government in order to satisfy any specificity requirements under *United States v. Agurs*." Discovery Order ¶ 8. Such a request is exempt from the additional requirements of Paragraph 8. Accordingly, the Court grants the requests contained in Paragraph 7 of the Motion provided that the requests are consistent with the Government's discovery obligations under *Brady*, *Giglio*, the Jencks Act, Rules 12(i) and 26.2, and any other applicable law.

In Paragraph 9 of the Discovery Motion, Defendant asks the Court for a speedy trial. Defendant need not request a speedy trial to be given the protections of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The Court therefore denies as moot Paragraph 9 of Defendant's Motion.

In its Response to the Discovery Motion, the Government asks the Court, upon its compliance with its disclosure obligations under Rule 16(a), to require Defendant to comply with certain disclosure obligations under Rule 16(b). *See* Resp. to Discovery Mot. at 3, 4. Because the Government's requests are not properly before this Court in the form of a motion, the Court will not consider them herein. The Court further notes that, even if the Government had filed a motion seeking discovery under Rule 16(b), the Court would deny the Government's requests for the same reason it denies Defendant's Rule 16 requests--namely, that the Government has not

---

may petition the Court for relief.

indicated it has complied with the requirements set forth in Paragraph 8 of the Court's June 24, 2005, Discovery Order.

## CONCLUSION

**IT THEREFORE IS ORDERED** that Defendant Oscar Franco-Mazariego's Entry of Appearance, Request for Discovery, Notice of Specific Brady Requests, and Demand for Speedy Trial, filed July 19, 2005 **[Doc. No. 33]**, is hereby GRANTED IN PART as follows:

1. Paragraphs 1 through 6 and Paragraph 8 of Defendant's Discovery Motion are denied because Defendant failed to comply with the requirements of the Court's June 24, 2005, Discovery Order; Defendant may refile a motion for discovery if he can indicate in that motion that he has complied with the requirements of the Discovery Order;

2. Paragraph 7 of Defendant's Discovery Motion is granted to the extent Defendant seeks to comply with the specificity requirements set forth in *United States v. Agurs*, 427 U.S. 97 (1976); the Government hereby is ordered to produce the information requested in Paragraph 7 of the Discovery Motion within the time required by the applicable law, provided that the requests are consistent with the Government's discovery obligations under *Brady*, *Giglio*, the Jencks Act, Rules 12(i) and 26.2, and any other applicable law; and

3. Paragraph 9 of Defendant's Discovery Motion is denied as moot; Defendant already is entitled to the protections of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*

Dated this 20th day of October 2005.

                                                JUDITH C. HERRERA
                                                UNITED STATES DISTRICT JUDGE